UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PIT RIVER TRIBE, et al., | ) | Case No. 2:02-CV-1314 JAM-JFM |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF DECISION RE |
| | ) | ORDER ON REMAND |
| v. | ) | |
| | ) | |
| BUREAU OF LAND MANAGEMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Court, having considered Defendants' Bureau of Land Management, U.S. Department of the Interior and U.S. Department of Agriculture, Forest Service ("Federal Defendants") "[Proposed] Order on Remand" (Exhibit B to Docket #82), Defendant Calpine Corporation's ("Calpine") response to the [Proposed] Order on Remand and suggested modification to paragraph 7 of the [Proposed] Order on Remand (Docket #85), and Plaintiffs' Pit River Tribe, Native Coalition for Medicine Lake Highlands Defense and Mount Shasta Bioregional Ecology Center ("Plaintiffs") response to the [Proposed] Order on Remand (Docket #86), and all the briefs submitted by the parties in support of their positions with respect

to the [Proposed] Order on Remand and in response to the positions asserted by the parties (Docket ## 89, 91, 92, 93, 94, 95 and 99), and being fully advised orders that the Federal Defendants' [Proposed] Order on Remand, along with the modification to Paragraph 7 proposed by Calpine (Docket #85 at p. 2) is hereby approved by the Court.  A copy of the Court's final Order on Remand is attached hereto and incorporated by reference herein.[1]

    The [Proposed] Order on Remand has been accepted by all parties with the exception of a few disputed items which are fundamental.  The Federal Defendants and Calpine contend that the Ninth Circuit decision which led to this remand (469 F.3d 768) requires the Federal Defendants to reconsider only the lease extension granted in 1998 and subsequent decisions.  Plaintiffs contend that the underlying leases granted in 1988 have expired and the leasing process must begin from scratch.

    First, this Court agrees with the Federal Defendants and Calpine's arguments that the final Order on Remand should clarify and decide whether Plaintiffs are entitled to the relief they requested.  When the court of appeals directed this Court "to enter summary judgment in favor of Pit River consistent with [its] opinion," 469 F.3d at 788, it left this Court to specify terms of judgment that would satisfy the mandate.  Thus, as usual, the decision "leaves any issue not expressly or impliedly disposed of on appeal for consideration by the trial court on remand."  *Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977).  *See also Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993).

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

1  Accordingly, the Court rejects Plaintiffs' argument that the
2  disputed issues with respect to the [Proposed] Order on Remand are
3  not "ripe."  Plaintiffs' own Complaint twice requests an order
4  "setting aside the geothermal leases."  Complaint at 2, ¶ 3; *id*. at
5  26, ¶ 2.  Federal Defendants and Calpine are entitled to know
6  whether the judgment against them grants that relief.
7       Second, the Court finds that Plaintiffs' argument that the
8  1988 leases "expired by their own terms" in 1998 and cannot now be
9  extended to be without merit.  The court of appeals expressly found
10 that the Bureau of Land Management ("BLM") extended the leases in
11 1998, 469 F.3d at 777.  That the decision to extend the leases was
12 not preceded by adequate environmental analysis does not change the
13 fact that the extension was granted.  It only means that this Court
14 must fashion an equitable remedy ensuring full compliance with
15 NEPA.  The court of appeals decision makes clear that the mere
16 finding of a NEPA violation does not automatically and
17 retroactively invalidate anything.  The two alternative remedies
18 identified by the court of appeals which would ensure full
19 compliance were: (1) invalidating the leases as of 1998 thus
20 nullifying the 2002 extensions; or (2) enjoining any surface-
21 disturbing activity until the agencies comply fully with NEPA and
22 other statutes.  469 F.3d at 779.
23      The Ninth Circuit has repeatedly recognized that a "court
24 ha[s] discretion to preserve leases and other contracts issued
25 without NEPA compliance" if the procedural flaw [can be] rectified
26 in another way. *Natural Resources Defense Council v. Houston*, 146
27 F.3d 1118, 1129 (9th Cir. 1998), *Northern Cheyenne Tribe v. Lujan*,
28 851 F.2d 1152 (9th Cir. 1988), *Conner v. Burford*, 848 F.2d 1441

3

1  (9th Cir. 1988).  If leases issued without NEPA compliance are not
2  automatically void or even subject to being declared void it
3  follows that in this case, despite noncompliance, the 1998 lease
4  extension in this case took effect and the 1988 leases did not
5  expire.
6      Furthermore, Plaintiffs' had the opportunity to challenge the
7  underlying 1988 leases, but failed to do so within the statute of
8  limitations period.  The court of appeals explicitly refused to
9  consider the validity of the 1988 leases because the statute of
10 limitations period had run.  469 F.3d at 781.  Plaintiffs should
11 not be able to now challenge those leases over twenty years after
12 their creation.
13     Plaintiffs' argument herein also appears to directly
14 contradict their arguments before the court of appeals.  In their
15 June 14, 2006 Supplemental Brief filed with the court of appeals
16 (*Pit River Tribe v. BLM*, No. 04-15746 (Ninth Cir.)), Plaintiffs
17 represented to the court of appeals that effective relief could be
18 granted <u>without</u> invalidating the leases.  The order proposed by the
19 Federal Defendants and Calpine and adopted by this Court, will
20 ensure that the environmental review required by the court of
21 appeals will not be inhibited.  The Court's Order specifically
22 requires a "hard look" at whether lands affected by the leases
23 should be developed for energy at all (¶ 9), and expressly provides
24 that BLM shall have absolute discretion to void or cancel the
25 leases, deny lease extension, deny approval of Calpine's plan of
26 utilization or deny surface development on National Forest System
27 lands affected by the leases (¶ 7).  Nothing more is required for
28 effective relief.

Finally as to Calpine's proposed modification to paragraph 7 to the [Proposed] Order on Remand, this Court approves and adopts this modification in its Final Order. The Court does so with the specific understanding, confirmed by the Federal Defendants and Calpine, that the intent and sole effect of this proposed addition is to clarify how the Federal Defendants can still have discretion to deny lease extension (as provided for in ¶ 9) if Calpine elects application of the new Geothermal Steam Act regulations pursuant to 43 C.F.R. § 3200.7(a).[2]  As Calpine states:

> ... the sole purpose of the clarification proposed by Calpine to paragraph 7 of the Proposed Order is to make it clear that the Geothermal Steam Act amendments of 2005 and implementing regulations **would not** apply to the remanded decision of whether the leases should be extended. As such Calpine's clarification recognizes that the extension provision under the new regulations (see 43 C.F.R. ¶ 3207.10(b)) does not trump the Ninth Circuit decision, and that any decision to opt into the new regulations would only apply prospectively, after a thorough NEPA and NHPA review and in the event of an agency decision to grant the lease extensions.

(Docket #93 at p. 3.)

IT IS SO ORDERED.

Dated:  December 22, 2008.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2]  This Court has been notified by the Federal Defendants that on November 18, 2008, Calpine elected to subject the leases to the new regulations. (Docket #99).

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PIT RIVER TRIBE, et al., | ) | Case No. 2:02-CV-1314 JAM-JFM |
| Plaintiffs, | ) | ORDER ON REMAND |
| v. | ) | |
| BUREAU OF LAND MANAGEMENT, et al., | ) | |
| Defendants. | ) | |

This matter comes before the Court on remand from the Ninth Circuit in *Pit River Tribe v. U.S. Forest Service*, 469 F.3d 768 (9th Cir. 2006). Having reviewed the decision of the court of appeals and submissions from the parties on remand, the Court hereby enters summary judgment for plaintiffs on the Fourth, Fifth and Ninth causes of action in their complaint and, accordingly, orders:

1. Defendant Calpine Corporation ("Calpine") is enjoined from conducting any surface-disturbing activities on Leases CA 21924 and 21926 ("the leases") pending the following actions by defendants Bureau of Land Management ("BLM") and U.S. Department of Agriculture, Forest Service ("the Forest Service") (collectively,

"the agencies") as provided below:

    (a)  further environmental analysis and documentation pursuant to the National Environmental Policy Act ("NEPA");

    (b)  further analysis and documentation concerning the impacts to cultural resources and historic properties pursuant to the National Historic Preservation Act ("NHPA"); and

    (c)  further consultation with Native American Tribes, including plaintiff Pit River Tribe.

2.  The Record of Decision ("ROD") issued by BLM and the Forest Service on May 31, 2000 is remanded to the agencies to be vacated.  In addition, BLM's May 8, 1998 decision extending the leases, and BLM's May 2, 2002 forty-year additional term decision for the leases, are remanded to BLM to be vacated.

3.  BLM shall issue a decision which shall:

    (a)  vacate the approval of defendant Calpine's request for extensions of the leases;

    (b)  vacate the approval of defendant Calpine's request for a forty-year additional term for the leases;

    (c)  vacate the approval of the Fourmile Hill Plan of Utilization and issuance of the corresponding ROD;

    (d)  prohibit any operation or ground-disturbing activity by defendant Calpine on the leases pending the additional analysis and agency action described in paragraphs 9-12 below; and

    (e)  state that BLM reserves the absolute right to deny lease extensions, until commitment, and/or development of the leases.

4.  The Forest Service shall vacate its decisions in the May 31, 2000 ROD, and shall state in the document accomplishing this

that the Forest Service retains the absolute right to deny surface use or development on National Forest System lands affected by the leases.

5. The agencies are not required to withdraw the 1988 leasing decisions or any prior Forest Service consent decision supporting the 1988 leasing decisions. As the court of appeals noted, the 1988 leasing decisions were not challenged in this action, "[b]ecause the statute of limitations has run."

6. The provisions of 43 C.F.R. ¶ 3200.7 as amended on May 2, 2007 shall apply to administrative proceedings on remand. Specifically, Calpine may make an election under paragraph (a)(2) of section 3200.7 to have the leases be subject to all regulations set forth in 43 C.F.R. parts 3200 and 3280 as amended after August 8, 2005 ("the new regulations"). Any such election must be made in compliance with all terms of paragraph section 3200.7(a)(2), including the deadline set forth therein.

7. Notwithstanding amendments to the Geothermal Steam Act and its implementing regulations, and regardless of whether Calpine elects to subject the leases to the new regulations, BLM shall have absolute discretion to void or cancel the leases, deny lease extensions or unit commitment, and add or modify lease conditions; BLM shall have absolute discretion to deny, approve, or modify the plan of utilization; and the Forest Service shall have absolute discretion to deny, approve, or modify proposed surface use or development on National Forest System lands affected by the leases. In the event Calpine elects to subject the Fourmile Leases to the new regulations, BLM shall issue a decision suspending application of the election as it pertains to the term of the leases pending

and conditioned upon the analysis required under Paragraph 9.

8. If defendant Calpine wishes to proceed with development, it shall either affirm the plan of utilization it submitted in 1995 or submit a new plan of utilization for review by a date to be set by the agencies, allowing defendant Calpine not less than 90 days. If defendant Calpine fails to affirm its plan of utilization or submit a new plan for review by the specified date, or if it informs the agencies that it no longer proposes to develop the leases, then the agencies shall not be required to take any of the actions described below.

9. Notwithstanding amendments to the Geothermal Steam Act and its implementing regulations, and regardless of whether Calpine elects to subject the leases to the new regulations, the agencies shall prepare a joint Environmental Impact Statement on whether BLM should approve the lease extensions and whether the agencies should approve the plan of utilization ("the EIS"). The EIS shall include a "no action" alternative and a "hard look" at whether lands affected by the leases should be developed for energy at all. After preparing the EIS, BLM shall issue a new ROD on lease extensions, BLM shall issue a new ROD on Calpine's plan of utilization, and the Forest Service shall issue a new ROD on proposed surface use or development on National Forest System Lands affected by the leases.

10. The EIS shall be based on a scoping process involving plaintiffs and other interested stakeholders.

11. The agencies shall provide for a public comment period on a draft EIS, and shall submit for publication in the Federal Register notice that the draft EIS is available for public review

1  and comment.  Upon publication of the Federal Register notice, the
2  agencies shall provide copies of the draft EIS to plaintiffs and
3  defendant Calpine.
4      12.  Upon completion of the final EIS, the agencies shall
5  issue RODs for the EIS in accordance with applicable laws and
6  procedures.
7      13.  Plaintiffs and defendant Calpine reserve all rights
8  allowed by law to participate in the NEPA process for the EIS
9  including, but not limited to, review and comment upon the draft
10 EIS; to participate in the section 106 consultation process and
11 analysis under the NHPA; and to file administrative and/or judicial
12 actions challenging the adequacy and sufficiency of the final EIS
13 and/or corresponding RODs.  Any judicial action will be commenced
14 by filing a new complaint initiating a new federal district court
15 case.
16     14.  Nothing herein precludes or requires inclusion in the EIS
17 of projects or agency decisions relating to the Telephone Flat
18 Project or related leases, or preparation of a "programmatic EIS."
19     IT IS SO ORDERED.
20 Dated:  December 22, 2008.
                                    _____
21                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE