1  BENJAMIN B. WAGNER
   United States Attorney
2  DAVID T. SHELLEDY
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone:  (916) 554-2799

5  Attorneys for the Bureau of Land Management,
   U.S. Department of the Interior; U.S. Department
6  of Agriculture, Forest Service; and
   Advisory Council on Historic Preservation

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PIT RIVER TRIBE; NATIVE COALITION          No. 2:02-cv-01314-JAM-JFM
    FOR MEDICINE LAKE HIGHLANDS
12  DEFENSE; and MOUNT SHASTA
    BIOREGIONAL ECOLOGY CENTER,              STATUS REPORT FOR THE
13                                           FEDERAL AGENCY
              Plaintiffs,                    DEFENDANTS, WITH ORDER TO
14                                           AMEND ORDER OF DECEMBER
          v.                                 23, 2008
15
    BUREAU OF LAND MANAGEMENT;
16  UNITED STATES DEPARTMENT OF
    THE INTERIOR; U.S. FOREST SERVICE;
17  ADVISORY COUNCIL ON HISTORIC
    PRESERVATION; and CALPINE
18  CORPORATION,

19            Defendants.

20

21

22                        STATUS REPORT

23        In an opinion issued on August 2, 2010, the court of appeals affirmed the order

24  entered by this court on December 23, 2008, and directed this court on remand:  (1) to

25  clarify that the 1998 lease extensions and subsequent agency decisions did not take effect,

26  but the original 1988 leases are nonetheless capable of extension, and (2) to correct a

27  typographical error in a passage that was intended to read as follows:  "BLM shall issue a

28  decision which shall . . . state that BLM reserves the absolute right to deny lease

                                    1

extensions, unit commitment, and/or development of the leases." All that remains to be done in this case is to carry out those instructions.

Accordingly, the federal agency defendants submit herewith a proposed order to carry out the appellate mandate. The only changes from the Order of December 23, 2008, are an introductory paragraph explaining why the new order is to be entered, correction of the typographical error in paragraph 3(e), and a new paragraph 6 providing the clarification directed by the court of appeals.

Government counsel provided the proposed order to counsel for the other parties a month ago, on October 1, 2010. Defendant Calpine Corporation consents to entry of the proposed order. Plaintiffs have not responded to requests for their position.

Respectfully submitted,

Dated: November 2, 2010                  BENJAMIN B. WAGNER
                                         United States Attorney

                           By:   /s/ David T. Shelledy
                                 DAVID T. SHELLEDY
                                 Assistant U.S. Attorney
                                 Counsel for the Federal Agency Defendants

STATUS REPORT AND PROPOSED ORDER
TO AMEND ORDER OF DECEMBER 23, 2008

1

PROPOSED ORDER

2

3      This matter comes before the court on remand from *Pit River Tribe v. U.S. Forest*

4  *Service*, No. 09-15385, ___ F.3d ___ (9th Cir. August 2, 2010).  The court of appeals

5  affirmed the order entered in this case on December 23, 2008, and directed this court to

6  make one correction and provide one clarification.  Having considered the decision of the

7  court of appeals, the court hereby amends the Order of December 23, 2008, in two

8  respects: (1) to correct a typographical error (paragraph 3(e) below), and (2) to clarify that

9  the 1998 lease extensions and all subsequent decisions did not take effect, but the original

10  leases are nonetheless capable of extension (new paragraph 6 below), and reissues the

11  corrected order as set forth below.

12                                        *   *   *

13      The court hereby enters summary judgment for plaintiffs on the Fourth, Fifth and

14  Ninth causes of action in their complaint and, accordingly, orders:

15      1.      Defendant Calpine Corporation ("Calpine") is enjoined from conducting any

16  surface-disturbing activities on Leases CA 21924 and 21926 ("the leases") pending the

17  following actions by defendants Bureau of Land Management ("BLM") and U.S.

18  Department of Agriculture, Forest Service ("the Forest Service") (collectively, "the

19  agencies") as provided below:

20          (a)     further environmental analysis and documentation pursuant to the

21  National Environmental Policy Act ("NEPA");

22          (b)     further analysis and documentation concerning the impacts to cultural

23  resources and historic properties pursuant to the National Historic Preservation Act

24  ("NHPA"); and

25          (c)     further consultation with Native American Tribes, including plaintiff

26  Pit River Tribe.

27      2.      The Record of Decision ("ROD") issued by BLM and the Forest Service on

28  May 31, 2000 is remanded to the agencies to be vacated.  In addition, BLM's May 8, 1998

STATUS REPORT AND PROPOSED ORDER
TO AMEND ORDER OF DECEMBER 23, 2008

1   decision extending the leases, and BLM's May 2, 2002 forty-year additional term decision

2   for the leases, are remanded to BLM to be vacated.

3          3.      BLM shall issue a decision which shall:

4                  (a)     vacate the approval of defendant Calpine's request for extensions of

5                          the leases;

6                  (b)     vacate the approval of defendant Calpine's request for a forty-year

7   additional term for the leases;

8                  (c)     vacate the approval of the Fourmile Hill Plan of Utilization and

9   issuance of the corresponding ROD;

10                 (d)     prohibit any operation or ground-disturbing activity by defendant

11  Calpine on the leases pending the additional analysis and agency action described in

12  paragraphs 9-12 below; and

13                 (e)     state that BLM reserves the absolute right to deny lease extensions,

14  unit commitment, and/or development of the leases.

15         4.      The Forest Service shall vacate its decisions in the May 31, 2000 ROD, and

16  shall state in the document accomplishing this that the Forest Service retains the absolute

17  right to deny surface use or development on National Forest System lands affected by the

18  leases.

19         5.      The agencies are not required to withdraw the 1988 leasing decisions or any

20  prior Forest Service consent decision supporting the 1988 leasing decisions.  As the court

21  of appeals noted, the 1988 leasing decisions were not challenged in this action, "[b]ecause

22  the statute of limitations has run."

23         6.      The 1998 lease extensions and subsequent decisions did not take effect.

24  Nonetheless, the original 1988 leases are capable of extension.

25         7.      The provisions of 43 C.F.R. ¶ 3200.7 as amended on May 2, 2007 shall apply

26  to administrative proceedings on remand.  Specifically, Calpine may make an election

27  under paragraph (a)(2) of section 3200.7 to have the leases be subject to all regulations set

28  forth in 43 C.F.R. parts 3200 and 3280 as amended after August 8, 2005 ("the new

4

1  regulations").  Any such election must be made in compliance with all terms of paragraph

2  section 3200.7(a)(2), including the deadline set forth herein.

3      8.    Notwithstanding amendments to the Geothermal Steam Act and its

4  implementing regulations, and regardless of whether Calpine elects to subject the leases

5  to the new regulations, BLM shall have absolute discretion to void or cancel the leases,

6  deny lease extensions or unit commitment, and add or modify lease conditions; BLM shall

7  have absolute discretion to deny, approve, or modify the plan of utilization; and the Forest

8  Service shall have absolute discretion to deny, approve, or modify proposed surface use or

9  development on National Forest System lands affected by the leases.  In the event Calpine

10  elects to subject the Fourmile Leases to the new regulations, BLM shall issue a decision

11  suspending application of the election as it pertains to the term of the leases pending and

12  conditioned upon the analysis required under Paragraph 9.

13      9.    If defendant Calpine wishes to proceed with development, it shall either

14  affirm the plan of utilization it submitted in 1995 or submit a new plan of utilization for

15  review by a date to be set by the agencies, allowing defendant Calpine not less than 90

16  days.  If defendant Calpine fails to affirm its plan of utilization or submit a new plan for

17  review by the specified date, or if it informs the agencies that it no longer proposes to

18  develop the leases, then the agencies shall not be required to take any of the actions

19  described below.

20      10.    Notwithstanding amendments to the Geothermal Steam Act and its

21  implementing regulations, and regardless of whether Calpine elects to subject the leases

22  to the new regulations, the agencies shall prepare a joint Environmental Impact

23  Statement on whether BLM should approve the lease extensions and whether the agencies

24  should approve the plan of utilization ("the EIS").  The EIS shall include a "no action"

25  alternative and a "hard look" at whether lands affected by the leases should be developed

26  for energy at all.  After preparing the EIS, BLM shall issue a new ROD on lease

27  extensions, BLM shall issue a new ROD on Calpine's plan of utilization, and the Forest

28

STATUS REPORT AND PROPOSED ORDER
TO AMEND ORDER OF DECEMBER 23, 2008

Service shall issue a new ROD on proposed surface use or development on National Forest System Lands affected by the leases.

11.    The EIS shall be based on a scoping process involving plaintiffs and other interested stakeholders.

12.    The agencies shall provide for a public comment period on a draft EIS, and shall submit for publication in the Federal Register notice that the draft EIS is available for public review and comment.  Upon publication of the Federal Register notice, the agencies shall provide copies of the draft EIS to plaintiffs and defendant Calpine.

13.    Upon completion of the final EIS, the agencies shall issue RODs for the EIS in accordance with applicable laws and procedures.

14.    Plaintiffs and defendant Calpine reserve all rights allowed by law to participate in the NEPA process for the EIS including, but not limited to, review and comment upon the draft EIS; to participate in the section 106 consultation process and analysis under the NHPA; and to file administrative and/or judicial actions challenging the adequacy and sufficiency of the final EIS and/or corresponding RODs.  Any judicial action will be commenced by filing a new complaint initiating a new federal district court case.

15.    Nothing herein precludes or requires inclusion in the EIS of projects or agency decisions relating to the Telephone Flat Project or related leases, or preparation of a "programmatic EIS."

IT IS SO ORDERED.


Dated:   11/3/2010                              /s/ John A. Mendez
                                                HON. JOHN A. MENDEZ
                                                United States District Judge